IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH STROCCHIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2017 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ralph Strocchia ("Plaintiff") brings this motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, Michael Astrue, the Commissioner of the Social Security Administration ("Commissioner") opposes the motion. The parties have consented to have this Court conduct any and all proceedings in this case, including entry of final judgment pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c). For the reasons stated below, this Court grants Plaintiff's motion.

### I. Background

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 13, 2006, alleging that he had become disabled on October 15, 2003. After the Social Security Administration ("SSA") denied his application on May 19, 2006, he filed a request for reconsideration, which was denied on September 13, 2006. Following a hearing on July 9, 2007, the administrative law judge ("ALJ") denied Plaintiff's claim on July 27, 2007. The Appeals

Council denied review, and Plaintiff appealed the Commissioner's decision to this Court. On July 16, 2009, the Court reversed the Commissioner's decision in part and remanded for further consideration. *See Strocchia v. Astrue*, No. 08 C 2017, 2009 WL 2992549 (N.D. Ill. Sept. 16, 2009). Plaintiff now seeks attorney's fees of $3,8921.18 and court costs of $350 under the EAJA.

## II. Legal Standard

The EAJA provides that a district court may award "fees and other expenses" where (1) the claimant was a prevailing party, (2) the government's position was not substantially justified, (3) there are no special circumstances that make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The requesting party must show that the fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A position is "substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts alleged and legal theory" propounded. *Stewart*, 561 F.3d at 683 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision, and his litigation position were substantially justified. *Stewart*, 561 F.3d at 683. Proving this requires that the government show "its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded.'" *Bricks, Inc. v. U.S. Env't Prot. Agency*, 426 F.3d 918, 922 (7th Cir. 2005) (quoting *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

Under *Astrue v. Ratliff*, — U.S. —, 130 S.Ct. 2521 (2010), an award under the EAJA belongs to the plaintiff and can be offset to satisfy a pre-existing debt the plaintiff owes the United States ("the Government"). After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties. The award for costs is also payable to plaintiff.

### III. Discussion

The Court remanded the Commissioner's decision on two grounds. First, the Court found that the ALJ erred in failing to provide adequate reasons for not giving controlling weight to the medical opinion of Plaintiff's treating physician, Dr. Dwivedi. The ALJ did not explain why Plaintiff's subjective complaints concerning his mental impairments were not supported by objective evidence and did not sufficiently discuss why Dr. Dwivedi's opinion was inconsistent with other medical evidence. Second, the Court found that the ALJ erred at step four by failing to make a specific finding of fact as to the physical and mental demands of Plaintiff's past relevant work. The ALJ described Plaintiff's past work as a laborer in a generic manner and did not compare its demands to Plaintiff's current residual functional capacity ("RFC") as required by Social Security Ruling 82-62.

The Commissioner concedes that the ALJ's decision was not thorough but argues in general terms that it did not rely on an improper methodology. In light of the Court's decision, however, this argument is not sufficient to carry the Commissioner's burden of showing that his position in this case was substantially justified. An ALJ's obligation to state why a treating

physician's opinion is not given controlling weight is well-established. *See, e.g., Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). Here, the ALJ failed to do so by not explaining why he rejected Plaintiff's subjective complaints and by failing to state why the objective medical evidence did not support Dr. Dwivedi's opinion. As the Court stressed, the majority of Dr. Dwivedi's opinion did not, in fact, contradict large portions of the evidence, and the ALJ failed to minimally articulate his rationale for finding that the evidence did not support the treating physician's opinion. A number of physicians agreed that Plaintiff suffered from anxiety and panic symptoms, and the fact that Plaintiff's moods shifted between treatment sessions does not, without more, provide a ground for rejecting the treating physician's opinion. *See Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008). Even when an ALJ does not give such opinions controlling weight, moreover, he is still obligated to assign an alternative weight. The ALJ did not do so here.

In addition, it is not entirely correct that the ALJ did not use an improper methodology, as the Commissioner claims. The Court noted in its order that the ALJ relied on other physicians' opinions that analyzed Plaintiff's self-reported symptoms but rejected Dr. Dwivedi's opinion because it was based on the same subjective complaints. The Commissioner provides no explanation as to why it was proper for the ALJ to assign significant weight to the first group of doctors while rejecting the treating physician's opinion based on the same self-reported symptoms. Thus, in the absence of any argument by the Commissioner on specific facts related to his prior position or the Court's findings on this issue, the Court finds that the Commissioner has not carried its burden of showing that its position was substantially justified.

The Commissioner's argument concerning the second ground of reversal again states in broad terms that the ALJ erred merely by failing to fully explain all of his findings. As before, however, this contention does not address the issue at hand. The Court found that the ALJ described Plaintiff's past work only in broad terms and failed to meaningfully compare the demands of such work with his current RFC. The Commissioner points out that the Court found that the ALJ listened to Plaintiff's testimony at the hearing and, as a result, he *may* have been aware of how Plaintiff's RFC compared to the demands of his past work. While true, this argument does not address the specific reasons supporting the Court's decision or the fact that the ALJ's failure to articulate his reasoning precluded the Court from determining whether he actually made such a comparison. The Court noted with disapproval that the ALJ's decision on this issue was both "superficial and insufficient," thereby making it impossible for the Court to determine what comparison, if any, the ALJ undertook. *See Golembiewski v. Barnahrt*, 382 F.3d 721, 724 (7th Cir. 2004) ("Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees."). To carry his burden of proof, the Commissioner must do more than note that the ALJ did not fully explain some of his findings. As no specific argument has been presented, however, the Court finds that the Commissioner has not shown why his position on this issue was substantially justified.

## IV. Fee Calculation

Plaintiff has submitted an itemized statement showing 22.65 hours spent on this matter, and the Commissioner does not dispute the reasonableness of this claim. For civil actions commenced after March 29, 1996, the EAJA's statutory rate for attorney's fees is $125.00 per

hour. 28 U.S.C. § 1412(d)(2)(A). Plaintiff seeks an enhancement of that rate based on governmental CPI numbers in the amount of $172.95 per hour for 9.5 hours undertaken in 2008 and a slightly lower rate of $171.11 per hour for 13.15 hours in 2009. *See* 28 U.S.C. § 1412(d)(2)(A)(ii). Again, the Commissioner does not oppose these figures or contend that Plaintiff's request for $3,892.18 in attorney's fees or $350 in court costs is unreasonable.[1] Upon review, therefore, the Court finds that both the hours spent on this matter and the hourly fees claimed by Plaintiff are reasonable.

## V. Conclusion

For the reasons stated above, the Court finds that the Commissioner's position in the underlying litigation was not substantially justified and that the fees and costs requested by Plaintiff are reasonable. Therefore, the Court grants Plaintiff's request for attorney's fees and costs in the amount of $4,242.18 to be paid to Plaintiff.

**ENTER ORDER:**

*[signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** December 14, 2010.

---

[1] The Commissioner mistakenly contends that Plaintiff is seeking $4,242.18 in attorney's fees plus $350 in court costs.